127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. ALBIN; Prime Engineering Defined Benefit Plan,
Plaintiffs-Appellants,
and
ALBIN FAMILY TRUST; Machinery Finance Corporation, Plaintiffs,
v.
Reynolds Financial Group, Inc.; Associated Securities
Corp., Capital Analysts, Inc.; Cigna Financial
Advisors, Inc.; Michelle Ann Reynolds;
et al., Defendants-Appellees.
 No. 96-55816.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 9, 1997.
Decided Oct. 17, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-04012-HLH; Harry L. Hupp, District Judge, Presiding.
 Before: O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because the parties are familiar with the lengthy factual and procedural history of this case, we will not recount it here. Westlaw Only
 
 
 3
 * The district court did not abuse its discretion when it refused to allow Albin to amend his complaint to substitute new defendants. Leave to amend is generally within the discretion of the trial court. Nelson v. Pima Community College, 83 F.3d 1075, 1080 (9th Cir.1996). This discretion is particularly broad when the pleadings have been amended previously. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989).
 
 
 4
 The district court denied plaintiffs' request for leave to file amendments to the fifth amended complaint to name additional 'Doe' defendants because (1) Fed.R.Civ.P. 4(m) requires that defendants in a federal action be served within 120 days of the filing of the complaint and (2) the statute of limitations would bar any action against the Doe defendants. We find no abuse of discretion in the denial. Plaintiffs' explanation of the necessity of amendment was insufficient in light of the potential prejudice to the unserved defendants. The pre-trial conference was a mere four days away, the documents allegedly proving the new defendants' identities were in the plaintiffs' control since the inception of the lawsuit, and the claims would have been barred by the statute of limitations. Under these circumstances, the district court did not abuse its discretion.
 
 II
 
 5
 The district court determined that the investment and reversion claims plaintiffs sought to add to the fifth amended complaint did not relate back to the original complaint. We review this decision de novo. In re Dominguez, 51 F.3d 1502, 1509 (9th Cir.1995).
 
 
 6
 Plaintiffs argue that the additional incidents which form the basis of the amendment are part of a continuing transaction and therefore arose "out of the conduct, transaction, or occurrence" set forth in the original pleading sufficient to satisfy the standards of Fed.R.Civ.P. 15(c). However, the district court rejected the continuous theory for one primary reason: each of the investments is an actual and conceptually different event, predicated by different facts, different requirements, and different documents. The new transactions which plaintiffs seek to add were not contained in the original complaint. As such, defendants have had insufficient notice to frame a defense. See Korn v. Royal Caribbean Cruise Line, Inc., 724 F.2d 1397, 1400 (9th Cir.1984) (explaining that in the context of amending a complaint to add a new defendant, the court should be conscientious of the public policy of providing the defendant with sufficient time and opportunity to prepare a defense).
 
 
 7
 Because the operative facts and transactions alleged in the amendment and the original complaint are different, the district court properly determined that the new claims did not relate back to the original complaint.
 
 
 8
 Plaintiffs have an even weaker argument for relation back of the reversion claims. The original complaint does not allege, directly or indirectly, that improper reversion advice was rendered. Guidance on what reversion rights exist under a pension plan is conceptually far different from providing investment recommendations. The district court correctly found that the theories of improper reversion advice did not relate back to the original complaint.
 
 III
 
 9
 The district court properly concluded that plaintiffs' claims were time-barred, a determination which we review de novo. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993).
 
 
 10
 The limitations for the commencement of actions for a breach of fiduciary duty under ERISA are found at 29 U.S.C. § 1113, which provides:
 
 
 11
 § 1113. Limitation of actions
 
 
 12
 No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of--
 
 
 13
 (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
 
 
 14
 (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
 
 
 15
 except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.
 
 
 16
 Section 1113 requires that the plaintiffs commence an action within six years from the date of the last transaction giving rise to his claim, unless the plaintiffs can demonstrate "fraud or concealment," in which case the action must be commenced within six years from the date they discovered the breach. The plaintiffs initially pled fraud and concealment in several earlier versions of the complaint, but dropped the allegation in the fifth amended complaint.
 
 
 17
 The district court found that plaintiffs had presented sufficient disputed issues of fact as to whether and when they possessed "actual knowledge" of the alleged breach that would implicate the three-year statute of limitations. The court did not find this to be a barrier to summary judgment, however, because it found that the claims failed even when the more generous six-year statute of repose was applied.
 
 
 18
 We agree with the district court. To adopt plaintiffs' position we would have to give credence to the continuing breach theory we have rejected. Each investment decision was separate; each decision involved the transmittal of a different prospectus. The theory that the transactions were merely the executed result of part of a preconceived portfolio plan, as the plaintiffs contended at oral argument, is not contained in the pleadings.
 
 
 19
 The district court's interpretation of the facts and rejection of the continuous breach theory is also consistent with the statutory structure. The statutory three year limitation is a statute of limitations; the six year limitation is a statute of repose. "In contrast to statutes of limitation, statutes of repose serve primarily to relieve potential defendants from anxiety over liability for acts committed long ago." Goad v. Celotex Corp., 831 F.2d 508, 511 (4th Cir.1987). It would be antithetical to statute of repose theory to allow a plaintiff to revive an expired cause of action under a concept of continuing breach.
 
 
 20
 Because we have determined at each investment decision was a discrete event, the statute of limitations must also be calculated independently for each event. Applying this analysis to the facts, we find that all of the investment claims are time-barred.
 
 
 21
 Plaintiffs contend that at least two investments, the Liquidity Fund Tax Partners II and Rancon Realty Fund V investments, would come within the limitations period even absent the continuing breach theory. However, these investment claims were not included in the original complaint. Only two investment claims were raised in the initial complaint and the statutory period had expired as to both. As we have determined, subsequent amendments did not relate back to the original complaint. When plaintiffs finally sought to amend their pleadings to include the two investments, the statute of repose had long since run.
 
 
 22
 Plaintiffs also argue that the earliest time that the statute of limitations relating to the reversions--first mentioned in the fifth amended complaint--began to run was when the reversions were taken from the plan. However, the record belies this. The advice upon which plaintiffs base their claim was given well outside the statutory period. This is true even if we assumed that the reversion causes of action related back to the original complaint, which they do not.
 
 
 23
 Thus, as the district court correctly concluded, all plaintiffs' claims are time-barred. The judgment of the district court is affirmed.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3